Streator Township High School District No. 40 of LaSalle and Livingston Counties, Illinois, et al., Plaintiffs-Appellants, v. County Board of School Trustees of Livingston County, Illinois, et al., Defendants-Appellees.

Gen. No. 11,050.

Second District, First Division.
September 4, 1957.
Released for publication September 20, 1957.

Berry & O'Conor, of Streator, for plaintiffs-appellants.

Niven & Clay, of Pontiac, for defendants-appellees.

JUSTICE SPIVEY delivered the opinion of the court.

This is an appeal from an order of the Circuit Court of Livingston county, affirming the action of the defendant, County Board of School Trustees of Living-

ston county. The propriety of the defendants' order was reviewed by the Circuit Court of Livingston county under procedure prescribed by the Administrative Review Act. Involved was a petition to detach certain territory from one district and annex the territory to another. A petition directed to the defendants and executed by more than two-thirds of the legal voters in each of the two separate tracts of land sought to detach the two tracts of land from the plaintiffs, Streator Township High School District No. 40, La-Salle county, Illinois, and to annex these tracts to the Dwight High School District No. 230, Livingston county, Illinois. The action was taken according to the authority of Section 4B—2 of the School Code (Ill. Rev. Stat. 1953, Chap. 122, par. 4B—2) which makes provision for detachment and annexation under several different methods.

After a public hearing, held according to the mandate of the statute, the defendants granted the prayer of the petition and entered an order detaching the territory from Streator Township High School District No. 40, LaSalle county, and annexing the two territories to the Dwight High School District No. 230, Livingston county, Illinois. On Review in the Circuit Court of Livingston county, the action of the defendants was affirmed and it was from this action that the plaintiffs have perfected this appeal.

No claim is made by the plaintiffs that the order is contrary to the manifest weight of the evidence nor is the sufficiency of the order of the defendants challenged. The only questions presented by this appeal are as to the jurisdiction of the defendants to enter an order and the contention of the plaintiffs that the order destroys the compactness and contiguousness of the plaintiffs' district.

We shall then, examine these points in their respective order.

253

■ Although the plaintiffs state in their brief that no questions are raised on the pleadings, the contention that the defendants were without jurisdiction to entertain this petition is based upon the alleged illegality of the petition requesting the detachment of the territories from the plaintiffs. Plaintiffs contend that a petition in compliance with the statute is jurisdictional before the county board of school trustees can change the boundaries of school districts. This statement is well supported by authority and cannot be challenged.

The Supreme Court in Bourland v. Snyder, 224 Ill. 478, stated,

"A petition in compliance with the statute is prerequisite to the jurisdiction of the board of trustees to act, and likewise to the jurisdiction of any tribunal hearing the case on appeal from the board." To the same effect is the case of Hamilton v. Frette, 189 Ill. 190.

It is incumbent then, upon this court to first determine jurisdictional questions before any consideration is given to the other errors assigned. For if the board of trustees was without jurisdiction because of a defective petition, then the Circuit Court of Livingston county would be lacking in jurisdiction to enter judgment on the merits.

Plaintiffs contend in particular that the board had no jurisdiction in that the petition for detachment joined two separate tracts of land in one petition and that there is no authority in the statute for such procedure. Rather, the plaintiffs contend, the action taken should have been by separate petition for each separate tract of land. The precise point has not previously been reviewed and so we must examine the statute involved. Section 4B—2 of the School Code (Ill. Rev. Stat. 1953, Par. 4B—2) provides as follows:

"New school districts lying within two or more counties may be created and the boundaries of existing school districts lying within two or more counties may be changed by detachment, annexation, division, dissolution or consolidation or any combination thereof by the action of the county board of school trustees of the county in which the county superintendent of schools has supervision over the annexing district, or in which the county superintendent of schools will have supervision over the proposed new district or consolidated district, when petitioned by the boards of each district affected, or by a majority of the legal voters residing in each district affected, or by two-thirds of the legal voters residing in any territory proposed to be detached from one or more districts or in each of one or more districts proposed to be annexed to or consolidated with another district. If there are no legal voters residing within the territory proposed to be detached from one or more districts, then the petition may be signed by all of the owners of record of the real estate of the territory. The annexing district is that district to which territory is proposed to be added."

At the outset, we believe it pertinent to observe that the tracts sought to be detached from the plaintiffs are not adjacent or contiguous, one to the other. They are entirely disconnected tracts, each of which is adjacent at some point to Dwight High School District No. 230, Livingston county, Illinois. Tract One as it is referred to in the petition contains a quarter section of land and is square in shape. Tract Two contains 1,280 acres and its shape has been described by the plaintiffs as a monstrosity. The least that can be said is that the shape is irregular and a large portion of the tract is connected to Dwight High School District No. 230, Livingston county, Illinois, only by a strip of land eighty rods wide. A part of the plain-

255

tiffs' district lies between Tract Two and Dwight High School District No. 230, Livingston county, Illinois, and is connected to the plaintiffs' by means of a strip of land approximately eighty rods wide. The shapes of the tracts are demonstrated by the maps found in the record and the abstract, both of which were helpful to the court in the consideration of this case.

Plaintiffs contend that through the repetitious use of the words "The territory" in the statute, the legislature has intended that only one tract of land may be joined in any one petition. The plaintiffs would have us construe the word "territory" to mean a separate, distinct, connected tract of land, having a single boundary. Defendants contend that through the use of the words "any territory" in the statute, the statute should be construed to mean "every territory," and so justify the joining of one or more tracts in a single petition. We are unable to agree with either of the contentions advanced.

██ A court is only justified in construing a statute when the language used by the legislature is not clear and the real meaning of the statute is obscure or ambiguous. Where the legislature speaks in plain and unambiguous terms, then the judicial task is that of interpretation and not construction. No resort to rules of construction or extrinsic aids are justified when the intention of the legislature is either expressed or implied in the language of the statute. When the intention of the legislature is evident and expressed plainly, a court is not justified, in the guise of judicial construction, to create new meaning or intent when that meaning or intent was already existing. Too, the interpretation of a statute is more than an exercise in dialectics. It is the pronouncement of legislative intent, expressed or implied in the statute.

In the view that we take of this statute, we do not believe that the legislature intended that only a single,

separate, distinct tract with a common boundary could be included in any one petition. From the repetitious use of the words "the territory" we are unable to reach so narrow a view.

Likewise we cannot conclude from the use of the words "any territory" that the legislature intended "any territory" to mean "every territory."

■ We find that the legislature, in using the word "territory" has expressed itself with sufficiency. A territory is by definition a large extent of land, a region, or district. The word "territory" as used in the statute denotes then not just a single tract of land but rather the composite of all the tracts of land included in a petition to detach. It is our conclusion that a "territory" might well include one or more separate and distinct tracts of land, and that these separate and distinct tracts when combined in a petition to detach constitute the "territory" contemplated by the legislature. It is from this tract or combination of tracts, comprising the "territory" that the petitioners constituting two-thirds of the legal voters in the territory or all of the record owners of land in the territory shall come.

Plaintiffs contend that it would be possible for two-thirds of the voters to bring with them into another school district, legal voters who have no desire to be detached from the district of which they were a part. This is very true yet such a result is inevitable even if the plaintiffs' theory of construction were adopted. If this objection be a shortcoming and work a hardship upon anyone, the remedy is legislative rather than judicial.

■ ■ Considering not just a part of the statute, but rather the statute as a whole, as we must in interpreting the language of the legislature, we conclude that the petition herein is proper. Authority for the petition in its present form seems plainly expressed

257

by the language of the legislature. To adopt any other interpretation would create problems surely not contemplated by the legislature. For if the plaintiffs' position were tenable, then the result would be multiplicity of suits and the further straining of the judicial processes. In these times when the legislature is working to achieve for every person right and justice without delay as guaranteed by our constitution, we would be remiss if we failed to recognize in the language of the statute the practical considerations guiding the legislature. Having reached this conclusion, the jurisdiction of the defendants to consider the petition cannot be questioned.

The remaining contention of the plaintiffs is that the order of the defendants is void because it destroys the compactness and contiguousness of the plaintiffs. We have already observed that both districts will have highly irregular boundaries as the result of the order herein. However that may be, the requirements seem to have taken on a social consideration as distinguished from a geometric or geographic consideration. The court in the case of People ex rel. Warren v. Drummet, 415 Ill. 411, stated,

"The territory need not be rectangular or square to be contiguous and compact. Again, every reasonable presumption is indulged in favor of the validity of a school district established pursuant to legislative authority. Conversely, a school district will not be held invalid for lack of contiguity or compactness unless it clearly appears from the evidence that children of school age residing in the district cannot reasonably avail themselves of the privileges of the school." (People ex rel. McLain v. Gardner, 408 Ill. 228)

In this case there is no evidence to show that children of school age residing in Dwight High School District No. 230, Livingston county, Illinois, cannot reasonably avail themselves of the privileges of the

school. Under the test established by the Supreme Court, the only conclusion that we can reach is that the contiguity and compactness of both districts has not been destroyed by the order of the defendant. The districts, under the definition of our courts remain compact and contiguous for school purposes.

The order of the Circuit Court of Livingston county affirming the decision of the County Board of School Trustees of Livingston county, Illinois, is affirmed.

Affirmed.

DOVE, P. J. and McNEAL, J., concur.