The Department of Public Works and Buildings of the State of Illinois for and in Behalf of the People of the State of Illinois, Plaintiff-Appellee, v. Hulda Schon, et al., Defendants-Appellants.

The Department of Public Works and Buildings of the State of Illinois for and in Behalf of the People of the State of Illinois, Plaintiff-Appellee, v. Joseph Ernst, et al., Defendants-Appellants.

Gen. Nos. 68–34, 68–35.

Fifth District.

July 18, 1968.

Durr and Durr, of Edwardsville, for appellants.

William G. Clark, Attorney General of State of Illinois, of Chicago (Richard E. Quinn and Harold G. Andrews, Special Assistant Attorneys General, of counsel), for appellees.

GOLDENHERSH, J.

Defendants appeal from the judgments of the Circuit Court of Madison County denying their petitions for the allowance of interest on certain sums of money awarded defendants in eminent domain proceedings.

Defendants appealed to the Supreme Court, contending that these cases involve questions arising under the Constitution of Illinois (Supreme Court Rule 302). The Supreme Court found that no substantial constitutional question was presented, and transferred the causes to this court. Because the cases present identical issues, they have been consolidated for opinion.

In each of the cases, petitioner filed its petition to condemn real estate owned by defendants, filed a motion for "quick take" under the provisions of section 2.1 of the Eminent Domain Act (c 47, § 2.1, Ill Rev Stats 1967), a hearing was held as provided in section 2.2, a deposit

was made in accordance with section 2.3, and withdrawals were made as provided in 2.4. Upon trial, defendants were awarded sums in excess of the amounts deposited.

The controversy arises from the inability of the parties to agree on the amounts of interest to which defendants are entitled. The specific question presented is whether section 2.6 of the Eminent Domain Act provides for interest on the amount of money by which a final award exceeds the sum deposited under a "quick take" order, including therein 25% of the amount preliminarily found to be just compensation, or whether interest is payable on the amount by which a final award exceeds the amount preliminarily found to be just compensation.

 The Supreme Court has stated the rules of statutory construction here applicable, as follows:

> "The cardinal rule of statutory construction, to which all other canons and rules are subordinate, is to ascertain and give effect to the true intent and meaning of the legislature in enacting the law." Electrical Contractors Ass'n of City of Chicago, Inc. v. Illinois Bldg. Authority, 33 Ill2d 587, 591, 213 NE 2d 761.

> "In determining the intent of the legislature consideration must be given to the entire statute, its nature, objects and the consequences which would result from construing it one way or another." Carrigan v. Illinois Liquor Control Commission, 19 Ill2d 230, 233, 166 NE2d 574.

> ". . . . words employed are to be given their plain meanings, and that the use by the legislature of certain language in one instance and wholly different language in another indicates that different results were intended." Nelson v. Union Wire Rope Corp., 31 Ill2d 69, 100, 199 NE2d 769.

404

Section 2.3 of the "quick take" statute provides in part:

"§ 2.3. (a) If the petitioner shall deposit, with the clerk of the court, money in the amount preliminarily found by the court to be just compensation, and, in addition shall deposit with the clerk a further sum of money equal to one-fourth of such amount, . . . ."

Section 2.6 provides in part:

"§ 2.6. The petitioner shall pay, in addition to the just compensation finally adjudged in the proceeding, interest at the rate of six percent (6%) per annum upon:

"(a) Any excess of the just compensation so finally adjudged, over the amount deposited by the petitioner in accordance with the provisions of Section 2.3(a) of this Act, from the date on which the parties interested in the property surrendered possession of the property in accordance with the order of taking, to the date of payment of such excess by the petitioner.

"(b) Any portion of the amount preliminarily found by the court to be just compensation and deposited by the petitioner, to which any interested party is entitled, if such interested party applied for authority to withdraw such portion in accordance with Section 2.4 of this Act, and upon objection by the petitioner (other than on grounds that an appeal under Section 2.2(b) of this Act is pending or contemplated), such authority was denied; interest to be paid to such party from the date of the petitioner's deposit to the date of payment to such party."

Clearly, section 2.3 provides for two deposits, the first being in the "amount" preliminarily found to be just

compensation, and the second being "a further sum" of money equal to one-fourth of that "amount." We consider it significant that section 2.6(a) provides for interest on the excess over the "amount" deposited, without mention of the "further sum of money." It is also significant that section 2.6(b) provides for payment of interest on any sums which, except for successful objection by plaintiff, would be withdrawable under section 2.4.

Considering section 2.6 in its entirety, in the light of the above quoted rules of statutory interpretation, we conclude that it was the legislative intent to provide for the payment of interest on any portion of the sum finally adjudged to be just compensation which is not made available to the landowner under the provisions of section 2.4. Specifically, as applicable to this case, we hold that it was the legislative intent to provide for the payment of interest on the sums awarded in excess of the amount preliminarily found to be just compensation. The effect of the interpretation for which petitioner contends would be to deprive defendants of interest on money found to be due them and would defeat, in part, what the statute was intended to accomplish.

For the reasons stated, the judgments of the Circuit Court of Madison County are reversed and the causes are remanded for further proceedings consistent with this opinion.

Judgments reversed and causes remanded.

MORAN and EBERSPACHER, JJ., concur.