(No. 41642.—

THE DEPARTMENT OF PUBLIC WORKS AND BUILDINGS, Appellant, *vs.* HULDA SCHON *et al.,* Appellees.

*Opinion filed May 28, 1969.*

SCHAEFER, J., dissenting.

WILLIAM G. CLARK, Attorney General, of Springfield, (HAROLD G. ANDREWS and RICHARD E. QUINN, Assistant Attorneys General, of counsel,) for appellant.

DURR & DURR, of Edwardsville, for appellees.

Mr. JUSTICE HOUSE delivered the opinion of the court:

The sole question here is whether, after a "quick-take" order in an eminent domain action, interest is payable on the excess above the amount preliminarily found to be just compensation or on the amount by which the final award exceeds the amount deposited under the order.

The circuit court of Madison County held in two cases

that interest was payable only on the sum by which the final award exceeds the total amount deposited by the State. Appeals were taken to this court and we transferred them to the Appellate Court, Fifth District, which consolidated them for opinion. That court reversed the trial court and held interest payable on the excess of the final awards over the amounts preliminarily found to be just compensation. (96 Ill. App. 2d 402.) We granted leave to appeal.

Although the original brief of the property owners in this court, prior to the transfer, and their brief following the granting of leave to appeal argue to some extent in constitutional terms, it is clear that there is no constitutional question before this court. The issue with respect to interest arose by the filing of a petition of the owners. This petition relied solely upon statutory authority and the parties stipulated that the question was the interpretation of the statute. The court then entered an order defining the issues, without objection and in fact by stipulation, which provided that the only matter in controversy was the interpretation of section 2.6 of the Eminent Domain Act. Where no constitutional question was presented to or passed upon by the trial court and the only question is the interpretation of a statute, a constitutional question is not present on appeal. (*Calabrese v. Hatlen Heights Sewer & Water Co.,* 34 Ill.2d 483, 486.) We therefore confine our discussion to construction of the applicable statutes.

Section 2.3(a) of the Eminent Domain Act (Ill. Rev. Stat. 1967, ch. 47, par. 2.3(a),) provides that before vesting title in the petitioner there shall be deposited with the clerk of the court the amount preliminarily found to be just compensation plus a further sum of one fourth of such amount (125% total.) Section 2.6 provides for "interest at the rate of 6% per annum upon: (a) Any excess of the just compensation so finally adjudged, over the amount deposited by the petitioner in accordance with the provisions of Section 2.3(a) of this Act, from the date on which the.

parties interested in the property surrendered possession of the property in accordance with the order of taking, to the date of payment of such excess by the petitioner."

"It is a primary rule of statutory construction that the intention of the legislature should be ascertained and given effect. (*Belfield* v. *Coop*, 8 Ill.2d 293; *Burke* v. *Industrial Com.*, 368 Ill. 554.) Such intent is to be sought principally from the language used in the statute, which affords the best means of its exposition, and if ascertainable, will prevail without resorting to other aids for construction. [Citations]." (*People ex rel. Mayfield* v. *City of Springfield*, 16 Ill.2d 609, 614-615; *Western Nat. Bank of Cicero* v. *Village of Kildeer*, 19 Ill.2d 342, 350.) If the language of the statute is plain and unambiguous there is no occasion for construction. *People ex rel. Nelson* v. *Olympic Hotel Building Corp.*, 405 Ill. 440; *Droste* v. *Kerner*, 34 Ill.2d 495.

The language of section 2.6(a) unequivocally provides that interest is to run from the date of surrender of possession upon the excess of the final award over the amount deposited. This language needs no construction. It refers to the excess over the "amount" deposited, not to two separate amounts. Section 2.4 specifically refers to the amount (not amounts) deposited under section 2.3(a).

Section 2.6(b) does not support a contrary legislative intent. It reads: "Any portion of the amount preliminarily found by the court to be just compensation and deposited by the petitioner, to which any interested party is entitled, if such interested party applied for authority to withdraw such portion in accordance with section 2.4 of this act, and upon objection by the petitioner (other than on grounds that an appeal under section 2.2(b) of this Act is pending or contemplated), such authority was denied; interest to be paid to such party from the date of petitioner's deposit to the date of payment to such party." Section 2.6(b) covers an entirely different situation. It applies when the State wrongfully contests an owner's application to withdraw all

or any part of his share of the amount preliminarily found to be due. In such a case the owner is entitled to collect interest on the amount sought to be withdrawn. Furthermore, interest would be computed from the date of the deposit rather than the date of surrender of possession as provided in section 2.6(a). This, in effect, is the imposition of sanctions where funds are wrongfully withheld and has nothing to do with the interest provisions of section 2.6(a).

The judgment of the Appellate Court, Fifth District, is reversed and the judgment of the circuit court of Madison County is affirmed.

> *Appellate Court reversed;*
> *circuit court affirmed.*

Mr. JUSTICE SCHAEFER, dissenting:

The problem in this case is illustrated by the following hypothetical situation: In a quick-take proceeding the trial court makes a preliminary finding that just compensation for the property to be taken is $200,000. The condemnor is entitled to an order authorizing it to take the property upon depositing that amount, plus $50,000. (Ill. Rev. Stat. 1967, ch. 47, par. 2.3.) The property owner is entitled to withdraw at once the sum of $200,000, but he can not touch the additional sum of $50,000. (Ch. 47, par. 2.4.) Assume that he withdraws the $200,000, and two years later a jury determines that just compensation for his property was not $200,000, but $275,000. The question is whether the property owner is entitled to receive interest for the two years on the sum of $75,000, the amount by which the actual value of his land exceeded the $200,000 that he has already received, or whether he is entitled to recover interest for this two-year period only upon $25,000.

In my opinion the appellate court correctly held that in such a case he should receive interest on the total difference between the amount that he has received and the value of the property. The contrary result, which this court reaches,

violates the constitutional rights of the land owner. Such a construction should be avoided.

The governing constitutional principles have often been stated. "The theory of the law is that when land is taken by eminent domain, or where it is injured in such a way as to create a constitutional right to damages, payment for the land thus affected should be coincident with the taking or injury, and, if for any reason payment is postponed, the right to interest from the time that payment ought to have been made until it is actually made follows as a matter of strict constitutional right." Nichols on Eminent Domain, sec. 8.63.

The Supreme Court of the United States pointed out many years ago, "It is settled by the decisions of this court that just compensation is the value of the property taken at the time of the taking. L. Vogelstein & Co. v. United States, 262 U.S. 337, 340, 67 L. ed. 1012, 1014, 43 Sup. Ct. Rep. 564; United States v. New River Collieries Co. 262 U.S. 341, 344, 67 L. ed. 1014, 1017, 43 Sup. Ct. Rep. 565; Seaboard Air Line R. Co. v. United States, 261 U.S. 299, 306, 67 L. ed. 664, 669, 43 Sup. Ct. Rep. 354; Monongahela Nav. Co. v. United States, 148 U.S. 312, 341, 37 L. ed. 463, 473, 13 Sup. Ct. Rep. 622. And, if the taking precedes the payment of compensation, the owner is entitled to such addition to the value at the time of the taking as will produce the full equivalent of such value paid contemporaneously. Interest at a proper rate is a good measure of the amount to be added. Seaboard Air Line R. Co. v. United States, 261 U.S. 299, 306, 67 L. ed. 664, 669, 43 Sup. Ct. Rep. 354; United States v. Benedict 261 U.S. 294, 298, 67 L. ed. 662, 664, 43 Sup. Ct. Rep. 357; United States v. Brown, decided November 12, 1923, 263 U.S. 78, ante, 171, 44 Sup. Ct. Rep. 92." *Brooks-Scanlon Corp.* v. *United States,* 265 U.S. 106, 123, 68 L. Ed. 934, 941; see also 41 Ill. L. Rev. 82, 104.