*In re* LISA JANKOWSKI, a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* BARBARA JANKOWSKI, Respondent-Appellant.)

First District (5th Division)    No. 61221

Opinion filed April 9, 1976.

James J. Doherty, Public Defender, of Chicago (Frances G. Sowa and Donald S. Honchell, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Kevin Sweeney, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BARRETT delivered the opinion of the court:

Respondent, Barbara Jankowski, appeals from an order declaring her an unfit parent, terminating her parental rights and responsibilities, and appointing a guardian to consent to the adoption of her daughter, Lisa Jankowski, a/k/a Perri.

On appeal, respondent raises two issues for this court's consideration: (1) whether the State proved by clear and convincing evidence that respondent is an unfit parent pursuant to section 1(D)($l$) of the Adoption Act,[1] and (2) whether the court committed reversible error when it allowed the child's foster parent to testify that he would adopt respondent's child during the hearing on the fitness of the mother.

The evidence adduced at the hearing discloses the following occurrences.

Lisa Jankowski, a/k/a Perri, was born September 20, 1965, and declared a dependent child and ward of the State on October 1, 1965 pursuant to the Family Court Act (Ill. Rev. Stat. 1965, ch. 23, par. 2001).

Lisa lived in an orphanage until she was one year of age, at which time she was placed in a foster home by her guardian. When Lisa was three years old, respondent requested that she be returned to her care. Lisa was returned to respondent who then hired a person to care for Lisa while respondent worked. Subsequently, the person caring for Lisa became incapacitated, and respondent was unable to find another person to take her place. Lisa was returned to the foster home where her parents

---

[1] Ill. Rev. Stat. 1973, ch. 4, par. 9.1—1(D)($l$).

continued to visit her as suggested by the foster agency. In April, 1973, the Department of Children and Family Services contacted respondent to inquire whether she would consent to her child's adoption. Respondent indicated her desire for the child's return, and in August, 1973, began to visit Lisa every week.

In May, 1973, the Department of Children and Family Services filed a petition alleging that Lisa's parents were unfit for failure to maintain a reasonable degree of interest, concern and responsibility as to the child's welfare pursuant to section 1(D)(b) of the Adoption Act (Ill. Rev. Stat. 1973, ch. 4, par. 9.1—1(D)(b)), and praying for the appointment of a guardian to consent to adoption. Prior to a hearing on the cause, the above mentioned ground for a declaration of unfitness was stricken, and in its place the State alleged that respondent was unfit because she failed to make reasonable progress toward the return of the child within 24 months after an adjudication of neglect under section 2—4 of the Juvenile Court Act. (Ill. Rev. Stat. 1973, ch. 4, par. 9.1—1(D)(*l*).) On June 28, 1973, respondent filed a petition requesting Lisa's return. Lisa was returned to her in October, 1973.

Several meetings were held in respondent's apartment between Lisa, respondent and the caseworker for the Department of Children and Family Services. During these meetings, and in other conversations, a conflict developed between the caseworker and respondent concerning whether behavior modification should be employed to assist Lisa in her behavior problems.

On February 12, 1974, the caseworker telephoned respondent to inquire whether Lisa should be removed from her home. Respondent answered affirmatively. The caseworker removed Lisa the following day and placed her in a potential adoption home, respondent then agreeing that she would consent to Lisa's adoption. Respondent stated that on the day following Lisa's removal she changed her mind concerning the adoption, telephoned the caseworker, and requested Lisa's return a week later. On the day of the trial, respondent stated she desired to have her daughter returned to her.

Over defense counsel's objection Lisa's present foster parent was allowed to testify that Lisa was presenting no behavior problems in his home and that he intended to adopt Lisa if that became possible.

After closing argument, the trial court entered a finding that Lisa's parents are unfit because they failed to make reasonable progress toward the return of the child within 24 months after an adjudication of neglect under section 2—4 of the Juvenile Court Act. (Ill. Rev. Stat. 1973, ch. 4, par. 9—1.1(D)(*l*).) It is from this order of the trial court that respondent appeals.

98

The first issue raised by respondent is whether the State proved by clear and convincing evidence that respondent is an unfit parent pursuant to section 1(D)(*l*) of the Adoption Act (Ill. Rev. Stat. 1973, ch. 4, par. 9.1— 1(D)(*l*)). Within this issue, respondent presents two independent contentions: (1) that the State failed to prove that respondent's child was adjudicated as being neglected pursuant to section 2—4 of the Juvenile Court Act where respondent's child was adjudicated to be a dependent under the Family Court Act rather than neglected, and (2) that the State failed to prove that respondent did not make reasonable progress toward the return of her child within the 24-month statutory time period provided in section 1(D)(*l*) of the Adoption Act (Ill. Rev. Stat. 1973, ch. 4, par. 9.1—1(D)(*l*)).

Resolution of respondent's contention that the State failed to prove that respondent did not make reasonable progress toward the return of her child within 24 months after an adjudication of neglect under section 2—4 of the Juvenile Court Act requires this court to analyze sections of both the Juvenile Court Act and the Adoption Act. Section 5—9 of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 705—9), provides in relevant part:

> "Adoption; Appointment of Guardian With Power to Consent.)
> (1) A ward of the court under this Act * * *.
> * * *
>
> (3) Parental consent to the order authorizing the guardian of the person to consent to adoption of the Minor shall be given in open court whenever possible and otherwise must be in writing and signed in the form provided in 'An Act in relation to the adoption of persons, and to repeal an Act therein named', approved July 17, 1959, as heretofore or hereafter amended, but no names of petitioners for adoption need be included. A finding of the unfitness of a nonconsenting parent must be made in compliance with that Act. Provisions of that Act relating to minor parents and to mentally ill or mentally deficient parents apply to proceedings under this Section."

Section 8 of the Adoption Act (Ill. Rev. Stat. 1973, ch. 4, par. 9.1—8), provides in relevant part:

> "Except as hereinafter provided in this Section, consents shall be required in all cases, unless the person whose consent would otherwise be required shall be found by the court to be an unfit person as defined in Section 1 of this Act."

Section 1(D)(*l*) of the Adoption Act (Ill. Rev. Stat. 1973, ch. 4, par. 9.1— 1(D)(*l*)) provides in relevant part:

*"Definitions*

When used in this Act, unless the context otherwise requires:

\* \* \*

D. 'Unfit person' means any person whom the court shall find to be unfit to have a child sought to be adopted, the grounds of such unfitness being any one of the following:

\* \* \*

(*l*) Failure to make reasonable efforts to correct the conditions which were the basis for the removal of the child from his parents or to make reasonable progress toward the return of the child to his parents within twenty-four months after an adjudication of neglect under Section 2—4 of the Juvenile Court Act."

Section 2—4 of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 702—4), provides in relevant part:

"(1) Those who are neglected include any minor under 18 years of age

(a) who is neglected as to proper or necessary support, education as required by law, or as to medical or other remedial care recognized under State law or other care necessary for his well-being, or who is abandoned by his parents, guardian or custodian; or

(b) whose environment is injurious to his welfare or whose behavior is injurious to his own welfare or that of others.

(2) This section does not apply to a minor who would be included herein solely for the purpose of qualifying for financial assistance for himself, his parents, guardian or custodian."

■■ Respondent, in submitting that the State has failed to prove by clear and convincing evidence that she is an unfit parent pursuant to section 1(D)(*l*) of the Adoption Act, argues that this section applies only after an adjudication of neglect under section 2—4 of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 702—4), and not an adjudication of dependency under the previous Family Court Act (Ill. Rev. Stat. 1965, ch. 23, par. 2001), as has occurred in the instant case. The State contends that section 1(D)(*l*) should be construed to bring within its purview not only children found to be neglected under section 2—4 of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 702—4), but also children who were declared dependents pursuant to the Family Court Act (Ill. Rev. Stat. 1965, ch. 23, par. 2001), prior to the enactment of section 1(D)(*l*) of the Adoption Act and section 2—4 of the Juvenile Court Act. In essence, the State contends that since similar occurrences may have permitted a finding of dependency under the Family Court Act that may now permit

a finding of neglect under section 2—4 of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 702—4), we must conclude that dependency is the equivalent of neglect as included within section 1(D)(*l*) of the Adoption Act (Ill. Rev. Stat. 1973, ch. 4, par. 9.1—1(D)(*l*)), and therefore bring within the protection of section 1(D)(*l*) those children adjudicated dependents prior to the enactment of section 2—4 of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 702—4). We disagree with the State's contention.

■■ It is fundamental that in determining the interpretation to be given to a statute we look to the intent of the legislature. *(People v. Scott,* 57 Ill. 2d 353, 312 N.E.2d 596.) Such intent is to be sought principally from the language used in the statute, which affords the best means of its exposition, and if ascertainable will prevail without resorting to other aids for construction. *(Department of Public Works v. Schon,* 42 Ill. 2d 537, 250 N.E.2d 135.) If the language of a statute is plain and unambiguous, there is no occasion for construction to ascertain the meaning of the statute *(Bovinette v. City of Mascoutah,* 55 Ill. 2d 129, 302 N.E.2d 313; *Department of Public Works & Buildings v. Schon,* 42 Ill. 2d 537, 250 N.E.2d 135; *Bergeson v. Mullinix,* 399 Ill. 470, 78 N.E.2d 297), and this is true even though the wording may be considered unwise. *Streator Township High School District No. 40 v. County Board of School Trustees,* 14 Ill. App. 2d 251, 144 N.E.2d 531.

■■ We find the wording of section 1(D)(*l*) of the Adoption Act (Ill. Rev. Stat. 1973, ch. 4, par. 9.1—1(D)(*l*)), to be clear and unambiguous, and that the section was enacted by the legislature to apply only to children who were adjudicated neglected under section 2—4 of the Juvenile Court Act (Ill. Rev. Stat. 1973, ch. 37, par. 702—4). Adopting the State's contention for interpretation would require this court to construe the section on unfitness as reading that a parent may be "unfit" for failure to make reasonable progress toward the return of the child within 24 months after an adjudication of neglect under section 2—4 of the Juvenile Court Act or after an adjudication of dependency under section 2001 of the Family Court Act. The clear, specific language of section 1(D)(*l*), including its explicit footnote reference only to section 2—4 of the Juvenile Court Act, makes the State's suggestion for interpretation untenable.

■■ We further find the State's contention that it would be unreasonable to assume that the legislature intended section 1(D)(*l*) of the Adoption Act to protect children neglected after January 1, 1966 (the effective date of section 2—4 of the Juvenile Court Act) but not those children neglected before January 1, 1966, as misconstruing the statute and without merit. It is clear that in order for the State to bring the action under section 1(D)(*l*) assuming other prerequisites are met, would only

require that the State first obtain an adjudication of neglect under section 2—4 of the Juvenile Court Act even if the child had previously been adjudicated a dependent prior to the effective date of the neglect statute. We find this course of conduct, while admittedly placing a greater burden on the State, far more reasonable and proper than the suggested interpretation by the State that section 1(D)(*l*) must include both children adjudicated neglected and those adjudicated dependents.

■■ We conclude that the State has failed to comply with the requirements of section 1(D)(*l*) of the Adoption Act (Ill. Rev. Stat. 1973, ch. 4, par. 9.1—1(D)(*l*)), and therefore find it unnecessary to rule upon any other issues raised by the respondent.

For the reasons stated above, we reverse and remand for proceedings not inconsistent with this opinion.

Reversed and remanded.

LORENZ, P. J., and SULLIVAN, J., concur.