RICHARD MYERS, Plaintiff-Appellee, *v.* ELGIN COMMUNITY COLLEGE BOARD OF TRUSTEES OF DISTRICT # 509, Defendant-Appellant.

Second District   No. 75-400

Opinion filed March 18, 1977.

Van R. Richards, of Geister, Schnell, Richards & Brown, of Elgin, for appellant.

George E. Faber and Ronald O. Roeser, both of Imming & Faber, of Chicago, for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

The sole question in this appeal is whether the nonvoting student

member of a community college board has the right to attend executive sessions of the board.

Each community college board (formerly termed junior college board) under the Illinois statutes has seven elected members. (Ill. Rev. Stat. 1975, ch. 122, par. 103—6.) Section 3—7.24 of the Public Community College Act (Ill. Rev. Stat. 1975, ch. 122, par. 103—7.24, effective October 1, 1973) provided for an additional nonvoting student member of the board, *viz.*:

"Each community college board shall have one non-voting member who is a student enrolled in the community college under the jurisdiction of the board. * * * The method of selecting these student members shall be determined by campus-wide student referendum.

The student members shall serve a term of one year beginning on July 1 of each year, except that the student member initially selected shall serve a term beginning on the date of such selection and expiring on the next succeeding June 30."

The Meetings of Public Agencies Act (Ill. Rev. Stat. 1973, ch. 102, par. 42), specifically provides in pertinent part that all meetings of school districts shall be open to the public but that closed sessions may be had in certain instances, with final action open to the public, *viz.*:

"All meetings of any * * * school districts and all other municipal corporations * * * shall be public meetings except for * * * (f) meetings at public institutions of higher education relating to campus security or to the safety of staff and students. * * *

This Section does not prevent any body covered by this Act from holding closed sessions to consider information regarding appointment, employment or dismissal of an employee or officer or to hear testimony on a complaint lodged against an employee or officer to determine its validity, but no final action may be taken at a closed session."

Richard Myers was duly elected as a student member of the Elgin Community College Board and presented himself as such student member to the Board on July 1, 1974. On October 22, 1974, the Elgin Community College District 509 Board, by a 4 to 3 vote, denied the student member Myers the right to attend executive sessions of the Board.

On February 7, 1975, Myers filed his complaint in the circuit court of Kane County, seeking to enjoin the Community College Board from excluding him from executive sessions of the board and for attorney's fees. The trial court, by a summary judgment, permanently enjoined the Elgin Community College Board of Trustees from excluding the plaintiff as the duly elected student member from receiving notice and from attending the general meetings, executive meetings and committee meetings of the Board of Trustees of the Elgin Community College. The

court also awarded the plaintiff $600 attorney's fees and costs of $31. The Board appeals.

■■■ The Board contends that the trial court erred in denying its motion to strike and dismiss the complaint as the statutory provisions for the election and seating of a member of the student body on the Board of Trustees are unconstitutional. The basis for this contention is that the statute is ambiguous and unconstitutionally vague in that the act does not spell out in detail the method of electing the student member and the qualifications of the student member. We do not agree. In *Streator Township High School District No. 40 v. County Board of School Trustees* (1957), 14 Ill. App. 2d 251, 256, 144 N.E.2d 531, 534, the court observed:

> "A court is only justified in construing a statute when the language used by the legislature is not clear and the real meaning of the statute is obscure or ambiguous. Where the legislature speaks in plain and unambiguous terms, then the judicial task is that of interpretation and not construction. No resort to rules of construction or extrinsic aids are justified when the intention of the legislature is either expressed or implied in the language of the statute. When the intention of the legislature is evident and expressed plainly, a court is not justified, in the guise of judicial construction, to create new meaning or intent when that meaning or intent was already existing. Too, the interpretation of a statute is more than an exercise in dialectics. It is the pronouncement of legislative intent, expressed or implied in the statute."

We do not find the statute to be either vague or ambiguous nor do we deem it necessary to seek out extrinsic questions in an attempt to find the statute unconstitutional. Further, we do not believe the constitution requires the legislature to spell out all of the minute details in relation to the election of the nonvoting student member of the board, and find that the provision contains sufficient standards and guidelines.

■■ The Board contends that the statutory sections in question do not give the nonvoting student member the right to attend the executive sessions of the Board. The real basis of this argument would appear to be the statement of counsel that "* * * matters of school security, employment or dismissal of personnel, and the discipline of students are examples of the subjects which, due to their sensitivity * * *" should only be heard by the elected members of the Board out of the presence of the student member. Again, we disagree. Those are the very subjects to which the duly elected student member should be a part of and present. True, he may present motions but does not constitute a member for quorum purposes, nonetheless, he is in fact representative of the student body; that is what he is elected for and that is the real purpose for which

the legislature put him on the board. To hold that the nonvoting student member could attend open meetings of the board but not executive sessions would place him in but little better position than any student who might wish to attend the board meetings. It is obvious that that was not at all the intention of the legislature. The purpose of placing this nonvoting member on the Community College Board of Trustees was to afford the student body representation in that body, not only in public meetings but in closed sessions as well.

■■ The last contention of the Board is that the trial court erred in awarding attorney's fees and costs on the basis that the finding of the trial court was in error. The appellee has cited a number of cases asserting that the award of attorney's fees is within the discretion of the trial court. None of these cases is applicable. "In the absence of statutory authority therefor, attorney's fees cannot be charged in a bill of costs, and this is true not only in courts of law but, generally in courts of chancery." (124 Ill. L. & Prac. *Costs* §54 (1968).) Without discussing the statutory provisions, or the exceptions to this observation, we find no authority for the awarding of attorney's fees under the facts of this case. As the supreme court stated in *House of Vision, Inc. v. Hiyane* (1969), 42 Ill. 2d 45, 51-52, 245 N.E.2d 468, 472:

> "Our oft-stated view is that, in the absence of statute (with exceptions not here germane), attorneys' fees and the ordinary expenses and burdens of litigation are not allowable to the successful party."

(See also *Meyer v. Marshall* (1976), 62 Ill. 2d 435, 441, 343 N.E.2d 479, 483.) That portion of the order awarding attorney's fees in the sum of $600 is vacated. As modified, the judgment of the trial court is affirmed.

Affirmed as modified.

RECHENMACHER, P. J., and SEIDENFELD, J., concur.