*In re* J.P.S., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. Elizabeth Strode, Respondent-Appellant).

Third District   No. 3—89—0232

Opinion filed May 22, 1990.

John A. Carter, Assistant Public Defender, of Macomb, for appellant.

William Poncin, State's Attorney, of Macomb (Rita Kennedy Mertel, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Joseph McRaven, of Macomb, guardian *ad litem*.

JUSTICE BARRY delivered the opinion of the court:

Respondent Elizabeth Strode appeals from orders of the circuit of McDonough County adjudicating her to be an unfit parent and termi-

nating the parental rights to her son, J.P.S.

The record reveals the following information. On May 25, 1987, J.P.S. was born to the respondent. On July 23, 1987, the Department of Children and Family Services (DCFS) received a report alleging child abuse. An investigation into this report eventually resulted in a DCFS determination that the allegation was "unfounded." However, on August 11, 1987, during the course of the DCFS investigation, the McDonough County State's Attorney filed a petition alleging J.P.S. to be an abused minor. At a hearing in September 1987, J.P.S. was adjudicated to be abused. On November 18, 1987, J.P.S. was ordered to the custody of the DCFS. Respondent was ordered to undergo counselling and was allowed to visit her son.

On December 2, 1988, the State's Attorney filed a supplemental petition to terminate respondent's parental rights on the ground that she was an unfit parent. On February 9 and March 15, 1989, hearings were held on the petition. The court entered orders on March 27 and 28, 1989, finding respondent unfit and terminating her parental rights and appointing the DCFS as guardian with authority to consent to adoption.

Respondent raises three issues on appeal. First, she contends that the trial judge's finding of unfitness was erroneous as a matter of law. Specifically, respondent alleges that the State's supplementary petition fails to state a cause of action and that the trial court misapplied the law then in effect.

■■ ■ This issue was not raised at trial. Generally, defects in the pleadings should be raised at trial so that they may be remedied or the defects are waived. (*In re Dragoo* (1981), 96 Ill. App. 3d 1104, 422 N.E.2d 263; *People ex rel. Ryan v. Sempek* (1958), 12 Ill. 2d 581, 147 N.E.2d 295.) In this case, however, a substantial question is raised as to whether the supplementary petition states a cause of action. As such, Illinois Supreme Court Rule 366 (107 Ill. 2d R. 366(b)(1)(i)) provides that "[a]ny error of law affecting the judgment or order appealed from may be brought up for review." We choose to exercise our discretion under this rule to review this significant question.

At the time that this case was tried, the statutory provisions under which the State proceeded did not provide the same adoption opportunity for the abused child as they did for neglected and dependent children. Specifically, section 2—29 of the Juvenile Court Act of 1987 authorizes the court to appoint a guardian with authority to consent to a child's adoption upon a finding "that a non-consenting parent is an unfit person as defined in Section 1 of 'An Act in relation to the adoption of persons, and to repeal an Act therein named,' ap-

proved July 17, 1959, as amended." (Ill. Rev. Stat. 1987, ch. 37, par. 802—29(2).) The latter act is contained in chapter 40 of the Illinois Revised Statutes. There, an "unfit person" is defined as one unfit to have a child on any one or more of 16 grounds ranging from abandonment to mental retardation. Ill. Rev. Stat. 1987, ch. 40, par. 1501(D) (as amended by Pub. Act 85—1440, art. II, §2—54, eff. Feb. 1, 1989).

The State's supplemental petition to terminate parental rights in this case was filed on the ground that J.P.S. had been adjudicated abused and that respondent had failed to make reasonable efforts to correct the conditions which were the basis for the removal of the child or to make reasonable progress toward the return of the child within 12 months. At the time of these proceedings, the statutory ground of unfitness referred to by the State's petition was "failure by a parent to make reasonable efforts to correct the conditions which were the basis for the removal of the child from such parent, or to make reasonable progress toward the return of the child to such parent within 12 months after an adjudication of *neglected minor or dependent minor* under the Juvenile Court Act or the Juvenile Court Act of 1987." (Emphasis added.) (Ill. Rev. Stat., 1988 Supp., ch. 40, par. 1501(D)(m).) Effective September 1, 1989, five months after the court entered its dispositional order here, the legislature amended section 1(D)(m) by adding "abused minor" to the above underscored language. This legislation cannot, however, save the order in this case.

In *In re Jankowski* (1976), 38 Ill. App. 3d 95, 347 N.E.2d 474, the court considered respondent's challenge to a finding of unfitness under former section 1(D)(*l*) of the Adoption Act (Ill. Rev. Stat. 1973, ch. 4, par. 9.1—1), which defined an "unfit person" as one unfit to have a child on the ground, *inter alia*, of "[f]ailure to make reasonable efforts to correct the conditions which were the basis for the removal of the child from his parents or to make reasonable progress toward the return of the child to his parents within twenty-four months after an adjudication of *neglect* under Section 2—4 of the Juvenile Court Act." (Emphasis added.) The child in *Jankowski* had been adjudicated dependent, but not neglected. On review, the court reversed the trial court's order terminating the respondent mother's parental rights because the statute, by its plain and unambiguous terms, applied only to children adjudicated neglected. The court expressly rejected the State's argument that "neglect" and "dependency" could be equated to save the order there on appeal. 38 Ill. App. 3d at 100-01, 347 N.E.2d at 478.

■ In this case, the State similarly argues that the legislature

could not have intended abused children to remain in limbo while similarly situated neglected and dependent children become available for adoption under section 1(d)(m). To subscribe to the State's position we would have to find that "abuse" is subsumed within "neglect" and/or "dependency." Obviously, the legislature did not intend these concepts to be used interchangeably. The terms are separately defined in sections 2—3 and 2—4 of the Juvenile Court Act of 1987 (Ill. Rev. Stat. 1987, ch. 37, pars. 802—3, 802—4). While section 1(D)(m) may have been left unchanged inadvertently when the legislature made substantial revisions in chapters 37 and 40 so as to include abused children within the protections of the Juvenile Court Act, it was clearly the purview of the legislature to amend section 1(D)(m) as well. Unfortunately for J.P.S., the legislature acted too late to validate these proceedings.

Undoubtedly, the State will proceed anew under amended section 1(D)(m); however, that fact alone does not moot the issue before us. We are constrained to hold that the State's petition failed to state a valid cause for terminating respondent's parental rights and that the orders of the circuit court finding respondent unfit and terminating her parental rights must be reversed. As such, we deem it unnecessary to rule upon the remaining issues presented in this appeal.

The judgment of the circuit court is reversed.

Reversed.

SCOTT and STOUDER, JJ., concur.