COMMUNITY HIGH SCHOOL DISTRICT NO. 302, OF THE COUNTIES OF KANKAKEE AND IROQUOIS, Plaintiff-Appellant, v. COUNTY BOARD OF SCHOOL TRUSTEES OF IROQUOIS COUNTY et al., Defendants-Appellees.

(No. 70-22;

Third District—March 9, 1971.

Armen Blanke, of Kankakee, for appellant.

Robert L. Dannehl, State's Attorney, of Watseka, (Ronald Boyer, Assistant State's Attorney, of counsel,) for appellees.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

The cause before us originated as an action for administrative review of an order of the County Board of School Trustees of Iroquois County detaching territory from the district of plaintiff, Community High School District No. 302, of Kankakee and Iroquois Counties. The order of the County Board of School Trustees of Iroquois County, in addition to detaching from the Community High School District No. 302 of Kankakee and Iroquois Counties referred to, and annexing the territory to the Donovan Community Unit School District No. 3 of Iroquois County, Illinois, also directed that the territory comprising the Papineau Grade School District be consolidated and annexed to the Donovan Community Unit School District of Iroquois County.

St. Anne School District No. 302 is a high school district which main-

tains grades 9, 10, 11 and 12. Both Kankakee and Iroquois Counties include portions of the District, but the major portion of the St. Anne District is in Kankakee County. The high school is also located in St. Anne, a town of 1,400 population which is located in Kankakee County. There are four underlying elementary school districts in the St. Anne School District. One of these is the Papineau Elementary District and it is the entire area of such District No. 266 which is in dispute in the cause before us. The Papineau District is entirely within Iroquois County and it is bordered by the Donovan Unit District on the west, and, also, by the St. Anne Elementary District No. 256 which is located in both Kankakee and Iroquois Counties. There are two other elementary school districts in the St. Anne High School District.

The Papineau Elementary School District last operated a school in 1966-67 in the Village of Papineau. Under Section 5-32 of the School Code (1969 Illinois Revised Statutes, ch. 122) it is provided that a school district failing to maintain a recognized public school for two consecutive years shall be automatically dissolved and the territory of such district shall be disposed of as provided in Section 7-11 of the School Code. Under Section 7-11 it is provided that if any school district shall become dissolved, as provided in Section 5-32 referred to, the county board of school trustees shall attach the territory of the dissolved district to one or more districts and if the territory is added to two or more districts, shall divide the property, etc. The rest of this Section provides that the county board of school trustees conduct a hearing on how to split up or divide the dissolved district for educational welfare of the children. It is provided that if 8th grade children in the dissolved district normally attend high school in the same high school district, the county board should annex the territory to an elementary district where the children attend that high school, unless it is impossible, and should also consider annexing it to a district that has an elementary school building nearest to the center of the dissolved area.

In the cause before us, all of the children from the Papineau Elementary District had been attending St. Anne High School as they were in the St. Anne District. The Papineau District is also bordered by St. Anne Elementary School District No. 256 and an elementary school building in such district is in the Village of St. Anne three miles from the Village of Papineau. It appears, therefore, that if Sections 5-32 and 7-11 referred to were invoked, the Papineau territory would go into St. Anne Elementary District 256 and would remain in the St. Anne High School District No. 302.

Before any proceeding was instituted under Sections 5-32 and 7-11 referred to, a petition was filed on May 22, 1968, in the office of the

County Superintendent of Schools of Iroquois County, Illinois (as *ex officio* secretary of the County Board of School Trustees of Iroquois County), requesting that the Papineau territory (*i.e.* all of the elementary district territory) be detached from St. Anne High School District No. 302 of Kankakee and Iroquois Counties and annexed to Donovan Community Unit School District No. 3 in Iroquois County, Illinois. It is notable that Papineau District No. 266 was an elementary district and that the territory of the elementary district was also in the St. Anne High School District No. 302. The Donovan District was a unit district operating both grade and high schools.

The petition to detach and annex was filed under Section 7 of the School Code. The petition did not specify whether it was filed under Section 7-1 or Section 7-2 but merely recited that it was filed under Section 7. There are substantial distinctions between Sections 7-1 and 7-2. Section 7-1 deals with boundary changes when districts involved lie entirely within a single county. Under Section 7-1 boundaries of existing school districts all within a single county may be altered by the county board of school trustees of that county when two-thirds of the legal voters in the area so petition. The Papineau District No. 266 and the Donovan Unit School District are both located in Iroquois County, but the St. Anne High School District was located in both counties.

Detachment proceedings involving school districts are expressly governed by the applicable provisions of the School Code. In contemplating this problem, the petition filed May 22, 1968, was also apparently drawn under the provisions of Section 7-2 which provides for boundary changes when there are districts in two or more counties. Section 7-2 relating to change in boundaries by detachment, requires "concurrent action" of the county board of school trustees of:

"(a) the county in which the county superintendent of schools has supervision over the district from which the petition seeks to have territory detached or if territory is proposed to be detached from a district or districts lying in more than one county, then the county board of school trustees in which the county superintendent has supervision over the greatest portion of such territory and (b) the county board of school trustees of the county in which the county superintendent of schools has supervision over the district to which the territory is proposed to be annexed * * *."

That Section also provides that the original petition shall be filed with the county board of school trustees of the county in which the county superintendent has supervision of the district from which the petition seeks to have the territory detached. It is notable that the provision of this Section clearly establishes that the original petition should be filed with the county

board of school trustees of the county in which the county superintendent has supervision of the district *from which* the petition seeks to have the territory detached. The sentence providing for the filing of the original petition contains additional language:

"* * * or if territory is being detached from more than one county, then the petition shall be filed with the county board of school trustees of the county in which the county superintendent has supervision over the greatest portion of such territory."

Under the School Code Section 3-14.2, the territory from which the petition sought detachment was territory to be detached from the St. Anne High School District which is under the supervision of the County Superintendent of Kankakee County. No territory, under the facts shown in the instant case, was being detached from more than one county.

The petition filed on May 22, 1968, to remove the Papineau area had a dual purpose. It sought not only to take the elementary district 266 and place it in the Donovan Unit District, but its other purpose was to disconnect the same Papineau area from St. Anne High School District 302 and also annex it to the Donovan Unit District. The petition was filed only with the County Board of School Trustees of Iroquois County. Nothing was filed with the County Board of School Trustees of Kankakee County nor was a transcript of the hearing in Iroquois County sent to the Kankakee County Board.

Section 7-6 of the School Code provides expressly that when more than one county board of school trustees must act, the one hearing the petition shall, after entering its order, send forth a certified copy of the transcript of the hearing to the other county board, which shall, within 30 days, conduct a hearing as provided in the Section on the transcript and either grant or deny the request in the petition. No transcript was in fact sent to the Kankakee Board so that the Kankakee County Trustees did not have any participation whatsoever in the proceeding. Defendants-appellees contend that no action by the Kankakee County Board of School Trustees was required.

At the hearing held in Iroquois County by the County Board of School Trustees, a number of pertinent facts were developed relating to the respective schools, which it is not necessary to recite, in view of our disposition of this case.

On appeal from the affirmance of the action of the Iroquois County Board of School Trustees by the Circuit Court of Kankakee County, it is contended by appellant, Community High School District No. 302 of Kankakee and Iroquois Counties, that the Iroquois County Board of School Trustees did not have original jurisdiction, but that original jurisdiction was in fact vested under Section 7-2 in the Kankakee County

Board of School Trustees. It is also asserted that even assuming that original jurisdiction could be found in Iroquois County, the proceeding still required the concurrent action by the Kankakee County School Trustees before it became final under the provisions of Section 7-2.

Under Section 7-2 of the School Code it is expressly provided that the original petition in a proceeding such as is before us, is required to be filed with the county board of school trustees of the county in which the county superintendent has supervision of the district from which the petition seeks to have the territory detached. In the cause before us, the County Superintendent of Schools of Kankakee County had supervision over the St. Anne High School District from which the petition requested a detachment. It would appear that the clear meaning of Section 7-2 would require that the petition be filed in Kankakee County.

■■ Appellee contends that the portion of Section 7-2 which provides for detachment from more than one county, requires that the petition shall be filed with the county board of school trustees of the county in which the county superintendent has supervision over the greatest portion of the territory, and that, therefore, the Iroquois County Board had jurisdiction over the Papineau territory, since the Iroquois County Superintendent of Schools had authority over the Papineau land. The Section itself, however, provides that the original petition should be filed with the county board of school trustees of the county in which the county superintendent had supervision of the district *from which* detachment is sought. This was obviously Kankakee County, as detachment was sought from St. Anne High School District which was under the supervision of the Superintendent of Schools of Kankakee County. Detachment was not requested from the Papineau Elementary District, but the entire district was seeking to move, and it is clear that no detachment was requested from an Iroquois County school district in the petition. In addition thereto, Section 7-2 makes clear that the proceeding contemplated required concurrent action by the Kankakee County and Iroquois County trustees before it became final. The Act provides that a proceeding of this sort and its determination, required the concurrence, but not joint action, of both the Iroquois board and the Kankakee board.

An additional contention is made by appellee that the petition could be considered as being filed under Section 7-1 of the School Code thus allowing the Iroquois County Board of School Trustees to make the entire determination without the necessity of any concurrent action by the Kankakee County Board. The Papineau Elementary District 266 had lost its accredibility because it had not operated a school since the 1966-67 school year, and was thus subject to automatic dissolution under Section 5-32. If there was such action, as we had indicated, the Papineau territory

would have been placed in the St. Anne Elementary District 256 and also the territory would remain in the St. Anne High School District. It is the contention of appellee that since the petition requested detachment from the St. Anne High School District, and annexation to the Donovan District, under Section 7-1, action by the Iroquois Board alone is sufficient. This argument, however, overlooks the fact that since Donovan was a unit district with a high school, and since the Papineau territory could not be in two high school districts, and since the petition also requested detachment from St. Anne High School District 302, the St. Anne High School District boundary was being changed. In view of the fact that the St. Anne District was not entirely within Iroquois County, Section 7-1 was not applicable. The boundaries of existing school districts lying entirely within any county can be changed by detachment under Section 7-1, but, in this case, the St. Anne High School District was involved in the boundary change, and it was located in both Iroquois and Kankakee Counties.

Nor do we believe that the petition can be considered merely as a request to take the Papineau Elementary District 266 and attach it to Donovan Unit No. 3. While the Donovan District is a unit district (both elementary and high schools) the Papineau area is only an elementary district. It is also in the St. Anne High School District, under the supervision of the County Superintendent of Schools of Kankakee County. Section 7-1 makes no provision for such situation, and under that Section there is no authority to determine such problem by affirmative action of only one county board of the district to which a detached area would be annexed. The history of legislation in the field shows that it has been the policy of the legislature to require concurrent action by boards of two counties where school districts in separate counties are affected by a boundary change. Any decision as to what is to be done concerning the Papineau area, therefore, should be determined by the county boards of school trustees of both counties, and if they cannot concur, the courts will be required to settle the problem. (*Bloom Township High School District No. 206 v. County Board of School Trustees of Cook County,* 59 Ill.App.2d 415). It is notable that the petition itself requests detachment and that the order of the County Board of School Trustees of Iroquois County in fact modified the borders of St. Anne High School District, so that such proceeding clearly comes within the purview of Section 7-2 of the School Code. As we have indicated, this Section was not complied with in the present case.

The fact that the Papineau Elementary District 266 was about to be dissolved for failing to maintain a school for two years does not change the applicability of Section 7-2 instead of 7-1 of the School Code. It is

contended that Section 7-11 would force the Papineau area into the St. Anne Elementary District and leave it in the St. Anne High School District, which would amount to the creation of a school district by application of the legislative enactment and ignore the intent of the people concerned, and is a violation of the spirit and intent of the school laws set forth in *People v. Deatheridge*, 401 Ill. 25. We believe the legislative direction is a reasonable and not an arbitrary one, and is not violative of the spirit and intent of the School Code. Section 7-11 provides for a hearing to determine the disposition of the dissolved territory and even though Section 7-11 directs a certain course or makes suggestions as to what should be done with the dissolved territory, the decision is still to be made by the county board of school trustees.

We have not given attention to specific evidence developed in the hearing as to school facilities and other pertinent matters normally considered in detachment proceedings. The question as to the merits of detachment cannot be considered since proper procedure was not undertaken under the School Code. We have concluded, however, that the Iroquois County Board did not have authority to proceed under Section 7-2, and we also have concluded that the proceeding cannot be sustained under the terms of Section 7-1.

It is also contended that since no petition for rehearing was filed before the County Board of School Trustees of Iroquois County that, therefore, the St. Anne School District did not exhaust its administrative remedies and cannot raise any issues on appeal with respect thereto. The filing of a petition for rehearing is not a mandatory requirement under the School Code as it is under the provisions of the Illinois Commerce Commission Act. (*Alton Railroad Company v. Illinois Commerce Commission*, 407 Ill. 202, 95 N.E.2d 76). Under the circumstances, therefore, we find no merit in the contention with respect to the petition for rehearing, and conclude that a court of review may hear and determine all issue raised on appeal in this cause.

For the reasons stated in this opinion, the order of the Circuit Court of Iroquois County is reversed and this cause is remanded with directions to the Iroquois County Circuit Court to reverse the order of the County Board of School Trustees of Iroquois County in this cause.

Reversed and remanded with directions.

STOUDER and SCOTT, JJ., concur.