TOWER HILL SCHOOL DISTRICT No. 10 *et al.*, Plaintiffs-Appellees, v. THE REGIONAL BOARD OF SCHOOL TRUSTEES FOR CLARK, COLES, CUMBERLAND, EDGAR, MOULTRIE AND SHELBY COUNTIES, *et al.*, Defendants-Appellants (Pana Community Unit School District No. 8, Defendant).

Fourth District   No. 4—93—0962

Argued July 12, 1994.—Opinion filed October 14, 1994.

C. Stephen Ferguson, State's Attorney, of Charleston, for appellants.

E.C. Eberspacher (argued), of Dove & Dove, of Shelbyville, for appellees.

Daniel M. Franklin (argued) and William R. Thomas, both of Law Offices of Daniel M. Franklin, of Pana, for Pana Community Unit School District No. 8.

Roland W. Burris, Attorney General, of Chicago (Rosalyn B. Kaplan, Solicitor General, and Gary J. Anderson, Special Assistant Attorney General, of counsel), for *amicus curiae.*

JUSTICE COOK delivered the opinion of the court:

Defendant Regional School Trustees for Clark, Coles, Cumberland, Edgar, Moultrie and Shelby Counties (local regional board) approved the petition of defendant Dale Elvers for the detachment and annexation of his property, pursuant to provisions of the School Code (Code) (105 ILCS 5/1—1 *et seq.* (West 1992)). The circuit court of Coles County sitting in administrative review reversed the action taken by the local regional board finding that it lacked jurisdiction for failure to hold a joint hearing on the petition with the regional board of the school district to which the property was to be annexed. Defendants Dale Elvers and the local regional board appeal, alleging the circuit court erred in construing sections 7—1 and 7—2 of the Code (105 ILCS 5/7—1, 7—2 (West 1992)). The Illinois State Board of Education (State Board) has filed an *amicus curiae* brief urging this court to reverse the circuit court's order.

On February 24, 1993, defendant Dale Elvers filed a petition with the local regional board to detach his property from Tower Hill School District Nos. 10 and 185 (Tower Hill district), located in Shelby County and lying within the educational service region of the local regional board, and annex it to the adjacent Pana Community School District (Pana district), located primarily in Christian County and lying within the educational service area of the regional board of school trustees for Christian and Montgomery Counties (Pana regional board). The petition sought detachment of all 7.65 acres of Elvers' property, with the exception of a 100-foot-wide strip running the length of the property. The petition does not indicate whether it was brought pursuant to section 7—1 or section 7—2 of the Code. Elvers, the trustees of the local regional board, and plaintiff Odus Cheek, superintendent of the Tower Hill district, were present at the hearing on the petition held April 5, 1993. Neither Pana regional board nor Pana district appeared but Pana district notified the local regional board that it had no position on the petition. Notice of the hearing was by publication; Elvers, the local regional board, and Pana district received notice by personal service. Following the presentation of evidence of the statutory factors in support of the petition, which was contested by Odus Cheek, the local regional board voted to approve the petition. The written order entered April 12, 1993, provided for the detachment of all 7.65 acres, including the 100-foot strip excepted in the petition.

Plaintiffs thereafter filed a complaint for administrative review, alleging (1) the local regional board lacked jurisdiction to act for failure to conduct a joint hearing and take concurrent action with the Pana regional board, as required by section 7—2 of the Code; and (2)

the granting of the petition was against the manifest weight of the evidence for lack of compliance with the requirements of sections 7—4 and 7—6 of the Code (105 ILCS 5/7—4, 7—6 (West 1992)), including the requirement that the resulting school district boundaries be compact and contiguous. The circuit court determined that the local regional board lacked jurisdiction to act on the petition without the concurrent action of the Pana regional board and reversed the order granting the petition. It declined to reach any of the remaining issues.

■ The question of the application of section 7—2 of the Code was not raised by plaintiffs at the time of the hearing but was first presented to the circuit court on administrative review. However, since the interpretation of sections 7—1 and 7—2 of the Code affects the jurisdiction of the local regional board granted under the statute (see *Board of Education of Hamilton County Community Unit School District No. 10 v. Regional Board of School Trustees* (1984), 121 Ill. App. 3d 848, 850-51, 460 N.E.2d 100, 102), an objection to jurisdiction can be raised at any time. See 735 ILCS 5/3—102 (West 1992); *Wolfe v. Industrial Comm'n* (1985), 138 Ill. App. 3d 680, 686, 486 N.E.2d 280, 284.

■ Relevant provisions of sections 7—1 and 7—2 of the Code provide:

> "Districts in one educational service region—changing boundaries. School district boundaries lying entirely within any educational service region may be changed by detachment, annexation, division or dissolution or any combination thereof by the regional board of school trustees of such region ***." 105 ILCS 5/7—1 (West 1992).

> "Districts in two or more counties—Change of boundaries. Boundaries of existing school districts lying within two or more counties may be changed by detachment, annexation, division, dissolution or any combination thereof by the concurrent action of, taken following a joint hearing before, the regional boards of school trustees of each region affected. For purposes of this Section and Section 7—6, an educational service region shall be deemed to be a region affected if any portion of the territory which the petition seeks to have detached from any school district is located in the region." (105 ILCS 5/7—2 (West 1992).)

A "county" is defined as an "educational service region." 105 ILCS 5/7—01 (West 1992).

■ Defendants claim that section 7—1 of the Code governs the detachment petition since the school district boundaries to be changed, Tower Hill district, lie within one educational service region. Plaintiffs claim that section 7—1 is inapplicable because it

only applies when both the detaching and annexing districts lay in the same educational service region. Based on the limiting language of section 7—1 referring to districts "lying entirely within any educational service region" (105 ILCS 5/7—1 (West 1992)), we conclude that defendant Elvers could not have brought his petition pursuant to that section. Tower Hill district, from which Elvers' property is to be detached, is not the only school district whose boundaries will be changed if the detachment petition is granted; Pana district's boundaries will also be changed by the annexation of Elvers' property and it lies in a different educational service region than that of Tower Hill district. We conclude, therefore, that the circuit court did not err in finding that Elvers' petition was required to comply with the provisions of section 7—2 of the Code.

In construing the language of section 7—2, the circuit court noted initially that the first sentence appeared to be contradicted by the second, if the second sentence was viewed as a limiting definition. It then concluded that the more logical construction, on the assumption that only the Pana regional board had authority to annex Elvers' property, was that the second sentence merely amplifies or underscores the fact that the district from which property is detached is an affected area.

Plaintiffs argue that the question of the scope of section 7—2 has been expressly decided in *Community High School District No. 302 v. County Board of School Trustees* (1971), 131 Ill. App. 2d 740, 267 N.E.2d 691. That case is inapplicable, however, because the main issue was not lack of concurrent action between the regional boards of the detaching and annexing districts, but a failure to file the petition requesting detachment in, and obtain the concurrence of, the regional board from which the territory was being detached. *Community High School District No. 302*, 131 Ill. App. 2d at 744, 267 N.E.2d at 694.

Defendants point out that the circuit court's interpretation renders the second sentence of section 7—2 meaningless. They interpret section 7—2 as mandating "concurrent action" only when the property to be detached lie in two or more educational service areas and requires no action or participation by the regional board of an annexing district lying in a different educational service area.

▪ The cardinal rule of statutory construction is to ascertain and give effect to the intent of the legislature, and in determining such intent, courts first consider the statutory language. (*People v. Gassman* (1993), 251 Ill. App. 3d 681, 689, 622 N.E.2d 845, 851.) In construing a statute, each word, clause or sentence must, if possible, be given some reasonable meaning so as not to be rendered meaning-

less or superfluous. (*People v. Singleton* (1984), 103 Ill. 2d 339, 469 N.E.2d 200.) Where the language is clear, it is applied as written; if ambiguous, it is appropriate to examine the legislative history to determine the true intent of the legislature. (*People ex rel. Baker v. Cowlin* (1992), 154 Ill. 2d 193, 197, 607 N.E.2d 1251, 1253.) Plaintiffs conceded at oral argument, and we agree, that the language of section 7—2 of the Code is ambiguous; therefore, the intent of the legislature may be derived from the history of this section.

■ Prior to its amendment by Public Act 86—743, effective January 1, 1990 (Pub. Act 86—743, § 1, eff. January 1, 1990 (1989 Ill. Laws 3940)), the second sentence of section 7—2 of the Code read as follows:

> "For purposes of this Section and Section 7—6, an educational service region shall be deemed to be a region affected if any portion of the territory which the petition seeks to have detached from any school district is located in the region, *if any portion of any school district to which the territory is proposed to be annexed is located in the region, or if any portion of any school district from which the territory is proposed to be detached is located in the region.*" (Emphasis added.) (Ill. Rev. Stat., 1988 Supp., ch. 122, par. 7—2.)

The emphasized language was deleted by Public Act 86—743. (See 1989 Ill. Laws 3940, 3940.) We conclude that by virtue of this amendment, eliminating an annexing district from the definition of a "region affected," the legislature intended to omit any requirement that the regional board of an educational service region to which property is proposed to be annexed take concurrent action or participate in a joint hearing on the petition. This view is further bolstered by the claims of the State Board in its *amicus* brief that pursuant to its statutory authority to act as legal adviser to school officers (105 ILCS 5/2—3.7 (West 1992)), it issued a legal opinion interpreting section 7—2 of the Code as requiring action by a regional board of school trustees on a detachment/annexation petition only when the property subject to detachment and annexation lies in that board's region. Generally, courts will accord deference to the interpretation placed on a statute by the agency charged with its administration. (*Wapella Education Association v. Illinois Educational Labor Relations Board* (1988), 177 Ill. App. 3d 153, 161, 531 N.E.2d 1371, 1376.) Accordingly, we reverse the circuit court's judgment that the local regional board was without jurisdiction.

■ Plaintiffs also contend that section 7—2 of the Code should not be construed as defendants advocate because one regional board of school trustees cannot detach property in its region and annex it to

another educational service region without that region's consent as to do so would not comport with due process of law. We note, however, that Pana district, to which Elvers' property is proposed to be annexed, would likely have far more interest in the petition than the Pana regional board. Pana district did get notice of the proceedings and indicated that it took no position on the issue. In any event, plaintiffs did receive notice, appear at the hearing, and were able to make arguments to their own local regional board. Any lack of notice to Pana's regional board would not have affected its rights. Accordingly, plaintiffs lack standing to raise this issue.

■ Plaintiffs cite the rule that a reviewing court can sustain the decision of the circuit court on any grounds which are supported by the record. (*Bell v. Louisville & Nashville R.R. Co.* (1985), 106 Ill. 2d 135, 148, 478 N.E.2d 384, 389.) They argue that if the decision allowing the detachment and annexation is affirmed, the territory within the Tower Hill district will not be "compact and contiguous" as required by section 7—4 of the Code (105 ILCS 5/7—4(c) (West 1992)), but instead will result in a configuration of the districts which creates either an island or a "dumbbell"-shaped territory of the Tower Hill district. The only facts of record supporting this claim is a partial diagram of the area appearing in plaintiffs' trial brief. Given the paucity of the record, we are unable to determine the merits of this claim. Since the circuit court declined to pass on the issue, it is necessary to remand this case for further administrative review of the balance of plaintiffs' complaint.

Reversed and remanded with directions.

LUND and GREEN, JJ., concur.