December 2, 1997

2nd Division

No. 1-96-3925

PER HENRIKSEN, ) Appeal from the

) Circuit Court of

Plaintiff-Appellant, ) Cook County

)

v. )

)

ILLINOIS RACING BOARD, an agency of )

the State of Illinois; GARY STARKMAN, )

RICHARD H. BALOG, RALPH M. GONZALEZ, )

WILLIAM E. JACKSON, GENE LAMB, LORNA E. )

PROPES, and JOHN B. SIMON, members of )

the Board; and RICHARD GARRETT, BRAD )

DYE and JOHN EDDY, stewards, ) Honorable

) John K. Madden,

Defendants-Appellees. ) Judge Presiding

Justice McNulty delivered the opinion of the court:

In this case we must decide the territorial extent of the Illinois Racing Board's jurisdiction.  We find its power limited to racetracks in the State of Illinois.

Per Henriksen trains and drives horses.  On September 2, 1995, one of the horses he trained raced in Illinois.  A laboratory discovered a foreign substance, phenytoin, in the horse's urine after the race.  Because the finding proved a violation of State rules, the Board suspended Henriksen for 15 days, from September 26 through October 10, 1995, denying him "the privileges and use of the course and grounds of all racetracks and wagering locations under the jurisdiction of the Illinois Racing Board."

On October 7, 1995, Henriksen drove a horse in a qualifying race in New Jersey.  On October 9, 1995, Henriksen drove horses in two races in New York, and a third horse in a race in New Jersey.  Also, on October 2, 1995, Henriksen went to a Kentucky racetrack during a sale and entered an area not open to the public.  Under the New Jersey Administrative Code, "Full force and effect shall be given to the denial, revocation or suspension of any license by any other racing commission or turf governing body."  N.J.A.C. 13:71-1.10.  The New York State Racing and Wagering Board abides by the bylaws of the Association of Racing Commissioners International (ARCI), which provide:

"Every Board, Commission and Regulatory Agency identified with or belonging to the corporation shall uphold the ruling of every other Board, Commission and Regulatory Agency likewise identified with or belonging to the corporation.  The denial of a license or a suspension or a revocation of a license by any member Board, Commission or Regulatory Agency shall be deemed to be such a ruling."

When the Illinois Board's stewards learned of Henriksen's conduct in New Jersey, New York and Kentucky, they issued a ruling, dated October 21, 1995, suspending him for six months and fining him $1,000 for violating the prior suspension.  Henriksen requested a hearing before the Board.  At the hearing Henriksen admitted that he violated the suspension but he explained the reasons for his error.  He stressed that he had no intention of violating the order.  He did not contest the Board's jurisdiction.

The Board, by a vote of five to two, upheld the six month suspension and the fine.  The two dissenting board members believed the Board lacked jurisdiction because the acts occurred on racetracks in other states.  On November 14, 1995, the day the Board rendered its decision, Henriksen filed a complaint for administrative review.  Henriksen contested the Board's jurisdiction as well as the evaluation of the evidence and the severity of the punishment.  The court affirmed the Board's order.

On appeal, Henriksen again challenges the Board's jurisdiction.  The Board argues that Henriksen waived the issue by failing to raise it in proceedings before the Board.  "Waiver does not apply, however, when the argument challenges the authority of the administrative forum to adjudicate causes."  
Board of Education of Community High School District No. 94 v. Regional Board of School Trustees
, 242 Ill. App. 3d 229, 234, 613 N.E.2d 754 (1993).  Therefore, parties may object to jurisdiction at any time.  
Tower Hill School District No. 10 v. Regional Board of School Trustees
, 267 Ill. App. 3d 180, 183, 640 N.E.2d 1386 (1994).

The United States Supreme Court stated the basic principles of territorial jurisdiction in 
Pennoyer v. Neff
, 95 U.S. 714, 720-22, 24 L.Ed. 565, 568 (1878):

"The authority of every tribunal is necessarily  restricted by the territorial limits of the State in which it is established.  Any attempt to exercise authority beyond those limits would be deemed in every  other forum, as has been said by this court, an illegitimate assumption of power, and be resisted as mere abuse.

***

*** The several States of the Union are not, it is true, in every respect independent, many of the right and powers which originally belonged to them being now vested in the government created by the Constitution. But, except as restrained and limited by that instrument, they possess and exercise the authority of independent States, and the principles of public law to which we have referred are applicable to them.  One of these principles is, that every State possesses  exclusive jurisdiction and sovereignty over persons and property within its territory.  *** [T]he laws of one State have no operation outside of its territory, except so far as is allowed by comity."

Similarly, our supreme court has held that "one State's law has no force beyond that State's boundaries unless another State chooses to recognize it."  
Rollins v. Ellwood
, 141 Ill. 2d 244, 256, 565 N.E.2d 1302 (1990).

The Supreme Court of New Jersey applied 
Neff
 in 
Pennsylvania R.R. Co. v. Board of Public Utility Commissioners
, 11 N.J. 43, 93 A.2d 339 (1952).  The New Jersey administrative agency made findings and rulings pertaining to train operation in New Jersey and Pennsylvania.  Although the court affirmed the findings and rulings insofar as they pertained solely to New Jersey, it vacated the findings and rulings that directly applied to transportation in Pennsylvania.  The court explained:

"It is fundamental that the authority of every tribunal is necessarily restricted by the territorial limits of the state in which it is established."  
Pennsylvania R.R.
, 93 A.2d at 342.

Here the Board ordered Henriksen not to use the course or grounds of any racetrack "under the jurisdiction of the Illinois Racing Board."  The statute which created the Board vests the Board with jurisdiction "over all race meetings in this State"  (230 ILCS 5/9(a) (West 1994)), giving the Board power to prescribe "reasonable rules, regulations and conditions under which all horse race meetings in the State shall be held and conducted" (230 ILCS 5/9(b) (West 1994)).  Thus, even if the legislature had the power to extend the Board's jurisdiction to racetracks in other states, it expressly limited the jurisdiction of the Board to racetracks in Illinois.  See 
Business & Professional People for the Public Interest v. Illinois Commerce Comm'n
, 136 Ill. 2d 192, 243, 555 N.E.2d 693 (1990).

The Board claims that Henriksen violated its ruling because the ARCI bylaws and the New Jersey statute require administrative agencies in other states to uphold, or give full force and effect, to the Board's ruling.  The New Jersey statute and the ARCI rule effectively demand full faith and credit for rulings by any state's racing board.  See 
Marina Associates v. Barton
, 206 Ill. App. 3d 122, 125, 563 N.E.2d 1110 (1990).  The United States Supreme Court explained full faith and credit in 
Thomas v. Washington Gas Light Co.
, 448 U.S. 261, 270-72, 65 L. Ed. 2d  757, 766-67, 100 S. Ct. 2647, 2655-56 (1980):

"[B]y virtue of the full faith and credit obligations of the several States, a State is permitted to determine the extraterritorial effect of its judgments; but it may only do so indirectly, by prescribing the effect of its judgments within the State.

*** To vest the power of determining the extraterritorial effect of a State's own laws and judgments in the State itself risks the very kind of parochial entrenchment on the interests of other States that it was the purpose of the Full Faith and Credit Clause *** to prevent."

The New Jersey Administrative Code and the ARCI bylaws do not expand the territorial jurisdiction of the Board.  Plaintiff did not violate the ruling because he did not set foot on an Illinois racetrack during his suspension.  The Board presented evidence that the New Jersey Racing Commission interprets its code to require it to suspend from racing in New Jersey any driver suspended by the Illinois Board for the duration of the Illinois suspension.  Therefore the Board in effect interpreted the New Jersey code and found that Henriksen's conduct at a New Jersey racetrack contravened the ruling in the manner in which the New Jersey Racing Commission should give that ruling full force and effect.  This is precisely the kind of determination of extraterritorial effect of a ruling which the ARCI bylaws are designed to prevent.  Only the New Jersey Commission has the power to determine whether acts on New Jersey racetracks violate racing board rulings, regardless of which jurisdiction issued the ruling allegedly violated.  The hearing here on the charges against Henriksen exceeded the Board's jurisdiction.

As in all cases involving extraterritorial enforcement of a state's orders, the Board's lack of jurisdiction does not immunize the alleged misconduct:  the New Jersey Racing Commission has the power to determine whether Henriksen's conduct in New Jersey violated its code requiring the Commission to give the Illinois Board's ruling full force and effect in New Jersey.  Similarly the New York Racing and Wagering Board, and an administrative agency in Kentucky, have jurisdiction to determine whether Henriksen violated their rules under the ARCI bylaws.  Those bylaws require the Illinois Board to give the rulings and sanctions imposed by New Jersey and New York effect in Illinois.

Because the Board lacked jurisdiction over the charges, the steward's ruling, and the decisions of the Board and the trial court affirming that ruling, are vacated.

VACATED.